UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC HOLTS, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>V.<br><br>**TNT CABLE CONTRACTORS, INC. AND UDEO SERVICES ONE INC.**<br><br>**Defendants.** | CIVIL ACITON NO. 2:19-cv-13546<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendants, TNT Cable Contractors, Inc. ("TNT") and Udeo Services One Inc. ("Udeo")(hereinafter collectively referred to as "Defendants"), failed to pay Plaintiff, Eric Holts, and their other Technicians appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff brings this matter as a national collective action under the FLSA. Plaintiff and the similarly situated employees he seeks to represent, are current and former workers of Defendants, who were hired as Technicians within the last three years (hereinafter referred to as the "Class Members").

3. Defendants' pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiffs bring this suit on behalf of himself and all other similarly situated Technicians.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought, in part, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Eric Holts, lives in the Eastern District of Louisiana. Plaintiff has been employed by Defendants as a Technician since March of 2019. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated individuals consists of all Technicians who worked for Defendants within the last three years (hereinafter referred to as "Class Members").

8. Udeo is an Illinois corporation that may be served through its registered agent: United States Corporation Agent, 500 North Michigan Avenue, Suite 600 in Chicago, Illinois 60611.

9. TNT is a corporation with its principal business office in Missouri, that may be served through its registered agent: National Registered Agents, Inc., 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

10. Defendants Udeo and TNT are establishments that, both individually and collectively, are engaged in related activities performed through a unified operation or control, for common business purposes.

11. Defendant TNT employed Plaintiff and other similarly situated individuals by using a subcontractor system. Defendant Udeo is a is a subcontractor of Defendant TNT.

Defendants TNT and Udeo controlled and supervised the work performed by Plaintiff and other similarly situated individuals.

## FLSA COVERAGE

12. At all times relevant to this dispute, Udeo and TNT have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

13. At all times relevant to this dispute, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14. At all times relevant to this dispute, Defendants have had annual gross sales in excess of $500,000.

15. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

16. Udeo and TNT, among other ventures, provides telecommunication and installation services for residential and commercial clients.

17. Plaintiff was hired to work as a Technicians for Defendants. Defendants control Plaintiff's conditions of employment. For instance, Defendants determine the technicians' pay rate, determine the amount to be deducted from their wages, provided Plaintiff with uniforms and identification badges, directed Plaintiff as to locations in which he was to work, restricted Plaintiff's installations to Defendants' customers, regularly furnished training guidelines, directed Plaintiff to comply with Defendants' work specifications and rules of conduct, required Plaintiff to communicate at the completion of each installation directly

to Defendants, and set policies and procedures that Plaintiff and other Class Members are required to follow.

18. Plaintiff and the Class Members were paid a set amount per "job" completed, regardless of time spent on the "job". Plaintiff and the Class Members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments. Defendants, however, did not pay Plaintiffs and the Class Members for all hours worked in order to avoid overtime payments. Defendants, through the guise of their payment policies, denied the rights of Plaintiffs and the Class Members guaranteed to them under the FLSA.

19. Plaintiff's primary duties as a Technician consists of: (1) driving to TNT's warehouse to pick up the supplies and equipment he will require for the day as well as a list (or route) of customers they will service that day; driving to customers' homes/businesses to install and/or repair equipment; calling customers to confirm appointments; attending meetings required by Defendants; submitting electronic information of completed jobs at the end of the day; returning to TNT's office at the end of the day, when necessary.

20. As a Technician, Plaintiff regularly worked more than forty (40) hours per workweek to complete all his job assignments. Plaintiff was not a member of management. Neither he nor any other Class Member had authority to: (1) manage an enterprise, (2) hire or fire other employees, (3) set the pay rates of other employees, (4) create policies or procedures to govern Defendants' employees, (5) handle employee grievances, (6) determine the type of equipment or materials that Defendants could use in their operations, (7) plan and/or set Defendants' budget, (8) enter into contracts on behalf of Defendants, or otherwise have operational control over Defendants' business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related

to the management or general business operations of Defendants or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendants' business.

21. Plaintiff and Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

22. Defendants had the power to discipline and/or terminate Plaintiff and the Class Members, regularly supervised and controlled work schedules and conditions of employment for Plaintiff and Class Members, determined the rate and method of payment of wages and commissions, paid Plaintiff and Class Member wages and made deductions to their wages, and maintained employment records of Plaintiff and Class Members.

23. Defendants also failed to pay Plaintiff and the Class Members for all hours worked. Specifically, Defendants failed to pay for the time spent by Plaintiff and the Class Members for duties and responsibilities required of them, including the time spent picking up supplies and equipment from TNT's warehouses, waiting in line at the warehouses to pick up/turn in supplies and paperwork, travel time to the first job of the day, travel time between appointments, and time spent attending meetings, among other things.

24. At all times relevant to this action, Defendants were the joint employers of the Plaintiff within the meaning of the FLSA. Defendants do not act entirely independent of each other and are not completely dissociated with respect to the employment of the Plaintiff. Defendant TNT, together with Udeo, maintain authority, control and supervision over Plaintiff and establish the employment policies that were applied to Plaintiff.

25. Defendants benefited financially from the work performed by Plaintiff.

26. Defendant Udeo acts directly in the interest of TNT in relation to any supervision it provided over Plaintiff in the workplace.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by Defendants as a Technician within three (3) years from the filing of this suit who, like Plaintiff (i) have not been compensated the correct overtime rate of pay, (ii) have been subjected to improper deductions from their wages, (iii) have not been paid for all hours worked, and/or (iv) have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

28. Defendants classified and paid all of its Technicians in the manner described above. Defendants also made the same improper deductions from the Class Members' wages and calculated their regular (and overtime) rate of pay in the same manner. In this regard, Defendants maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiffs.

29. Defendants' Technicians all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similar to Plaintiff.

30. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

31. Defendants possess the names and addresses of all Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

   *"All of Defendants' current and former Technicians who worked for Defendants in the past three years and were paid based upon a set amount per job completed and/or point system."*

## CAUSES OF ACTION

32. Plaintiff incorporates the allegations in the preceding paragraphs.

33. Defendants failed to pay them appropriate overtime wages required by the FLSA for all hours worked.

34. Plaintiff and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a work week. In fact, they were paid no overtime at all. Defendants paid Plaintiff and the Class Members through on a "job" completed basis and/or point system that failed to take into account the actual hours worked. Defendants' failure to pay Plaintiff and the Class Members the correct overtime rate of pay violated the FLSA.

35. Defendants' failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

36. Plaintiff and the Class Members are entitled to wages for all hours worked up to forty (40) in a work week, overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against Defendants, awarding him and all similarly situated employees:

a. Wages for all hours worked up to forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

Respectfully Submitted:

/s/ Preston L. Hayes
_____
GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHAR R. SMITH (#11414)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*